# Rees *v.* Ringler, Appellant.

*Affidavit of defense—Practice, C. P.—Mortgage—Mines and mining—*
*Release of surface support.*

1. An affidavit of defense to a scire facias on a purchase money
mortgage is insufficient to prevent judgment which avers that there
was special reference in the deed from the plaintiff to the defendant
to a deed which made the owners of coal beneath the mortgaged land
liable for damages to the surface, that representations were made to
defendant at the time she took title, from which she believed that she
had a right to surface support, and that she had no knowledge of a
release of surface support made by the plaintiff prior to his deed to her.

2. In such a case the defendant must go further and show what the
special reference was, by whom the representations were made and
that she was induced to accept the deed by reason of such representa-
tions; and she must also show specifically the nature and the amount
of the damage which she seeks to set off against the mortgage.

Argued May 4, 1910.    Appeal, No. 35, April T., 1910,
by defendant, from order of C. P. Somerset Co., Feb. T.,
1909, No. 280, making absolute rule for judgment for
want of a sufficient affidavit of defense in case of Mary
Rees, Administratrix of Thomas Rees, deceased, v.
Ellen M. Ringler and her husband, S. J. Ringler.    Before
RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD,
BEAVER and PORTER, JJ.    Affirmed.

Scire facias on a purchase money mortgage.

Rule for judgment for want of a sufficient affidavit of
defense.

The affidavit of defense was as follows:

On June 30, 1902, Thomas Rees and wife conveyed to
the defendant, Ellen M. Ringler, two parcels of land
situate in Elk Lick township, Somerset county, Pa.,
parcel No. 1 containing a little over sixty-three acres,
and parcel No. 2 containing a little over six acres.    Said
deed which contains a clause of general warrantry, is re-
corded in the office for recording deeds at Somerset, Pa.,
in Deed Record, vol. 125, p. 136.    The consideration for

said deed was $2,500—$600 of which was paid as hand money, and the mortgage above described was given for $1,900 to secure the payment of the balance of the purchase money. The payments being $300 each for five years, beginning June 15, 1903, and $400 payable in 1908, with interest. The defendant has paid on said mortgage and for which she is allowed credits, payments amounting to $1,630.18. That as to the balance of said mortgage defendant claims a set-off as follows:

Title to said premises at one time vested in W. J. Baer, who was the owner in fee simple of the surface and minerals under said tract of land. That said W. J. Baer conveyed the surface of said farm to J. M. Hay and the minerals to other parties but that in the severance of the minerals from the surface the parties taking out the minerals were liable for any damages done to the surface. That several actions at law and proceedings in equity had been instituted and carried to a termination in the courts of Somerset county by which it was fully, firmly and finally settled: That the owner of the surface was entitled to recover damages from the parties who mined and removed the coal. That in the deed from said Reese to said defendant a special reference is made to the said deed from W. J. Baer to said J. M. Hay and the rights of the parties as established by said conveyance and defendant believed from representations made to her at the time said conveyance was made and from the conveyance itself, that her rights were the same as those of J. M. Hay as acquired by virtue of the deed as aforesaid, and she was not aware of any release of surface damages or any conveyance by which the owner of the surface would be debarred in any way from maintaining an action for damages to the surface by reason of the mining and removing of the coal. That since said conveyance by said Thomas Rees to the defendant the owners and operators of the coal under said farm have been removing the coal and have not left sufficient ribs or pillars under for the support of the surface and by reason thereof the

surface has subsided, caved in and the farm has been very much damaged, and that said owners, miners and operators of the coal threaten and declare that they will continue to mine and remove all of the coal under said farm, including all of the ribs and pillars as aforesaid by which a very great amount of damage and injury will be done to your affiant. That the damages already done to the said farm are largely in excess of the balance due on said mortgage and that the defendant will have a claim against the estate of said Thomas Rees for a large sum of money in addition to the balance of said mortgage by reason of the injuries already done and which will hereafter occur by reason of the mining and removing of the coal as aforesaid.

That since the conveyance by said Thomas Rees to the defendant as aforesaid, the defendant has learned that when the said Thomas Rees and one, Frank Ehlen, were the joint owners of said property they made a conveyance to the Keystone Coal Company, at a time prior to the conveyance of said Reese to the defendant, by deed dated March 12, 1906, and recorded in the office aforesaid in Deed Book, vol. 85, p. 546, wherein and whereby the said Ehlen and Rees as owners of the surface of said farm released the said Keystone Coal Company, its lessees and assigns from all damages to the surface of said farm by reason of the removal of the pillars and ribs necessary for the support of the surface and by said conveyance permitted the said Keystone Coal Company, its lessees and assigns to remove all coal therefrom regardless of the injuries or damages to the surface of said farm, and in consequence of said conveyance the defendant cannot seek redress for said injuries from the parties so removing said coal and is compelled to resort for redress to her rights under the deed from the said Thomas Rees to her, conveying said property as aforesaid. She prays that the said deed from Thomas Reese to her and all the other deeds herein referred to which are recorded as aforesaid be made part of this affidavit of defense.

The court in an opinion by KOOSER, P. J., made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. Ruppel*, with him *C. F. Uhl, Jr.*, for appellant.

*J. G. Ogle*, with him *W. H. Koontz*, for appellee.

OPINION BY HENDERSON, J., October 10, 1910:

The defense which the appellants set up, arises out of an alleged breach of the covenant of general warranty contained in a conveyance of land made by Thomas Rees to Ellen M. Ringler on June 30, 1902. It appears from the affidavit of defense that the land formerly belonged to one Baer, who conveyed the surface to Hay and the minerals to other parties and that the grantees of the minerals were liable according to the terms of the grant for any damage done to the surface. The further allegation is that when Rees and one Ehlen were the joint owners of the property prior to the conveyance of Rees to the defendant they made a conveyance to the Keystone Coal Company wherein as owners of the surface they released that company, its lessees and assigns, from liability for all damages to the surface by reason of the removal of the pillars and ribs necessary for the support of the surface and by said conveyance permitted the coal company, its lessees and assigns, to remove all coal from under the surface without liability for any injury to the surface. The averment on which the defendants rely to introduce their set-off is "that in the deed from said Rees to said defendant a special reference is made to the said deed from W. J. Baer to said J. M. Hay and the rights of the parties as established by said conveyance, and defendant believed from representations made to her at the

time said conveyance was made and from the conveyance itself, that her rights were the same as those of J. M. Hay as acquired by virtue of the deed as aforesaid, and she was not aware of any release of surface damages or any conveyance by which the owner of the surface would be debarred in any way from maintaining an action for damages to the surface by reason of the mining and removing of the coal." No other part of the affidavit sets forth any ground of defense. We have before us only the scire facias and the affidavit of defense, and the rights of the appellants cannot be considered except as presented in the affidavit. The "special reference" in the deed from Rees to Mrs. Ringler is not set out. Neither is there any statement of the representations made to Mrs. Ringler at the time her deed was delivered which induced her to believe that her rights were the same as those acquired by J. M. Hay, nor are we informed by whom the representations were made. There is also a failure to set forth the nature of the damage and its amount. It may be that the appellants have a meritorious case arising out of the covenant in the deed to Mrs. Ringler, but the affidavit of defense does not exhibit the necessary facts to make such defense available. Without an examination of the deed from Rees to Mrs. Ringler there is no means of determining what the rights of the appellants are and this deed is not before us. It is unnecessary to cite authorities to show that averments in affidavits of defense must be definite and that where it is proposed to introduce a set-off the character and extent of the set-off must be set out in specific terms. The assignment of error must, therefore, be dismissed. We do this, however, without prejudice to the appellants' right at law.

The judgment is affirmed.